ZANE O. GRESHAM (CA SBN 57165)
*zgresham@mofo.com*
SHAYE DIVELEY (CA SBN 215602)
*sdiveley@mofo.com*
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiff/Counter-Defendant
CARSON HILL GOLD MINING CORPORATION

CHARLES W. REESE (CA SBN 045805)
*creese@wulfslaw.com*
TIMOTHY A. COLVIG (CA SBN 114723)
*tcolvig@wulfslaw.com*
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
Kaiser Center
300 Lakeside Drive, 24th Floor
Oakland, CA 94612-3524
Telephone:  (510) 835-9100
Facsimile:  (510) 451-2170

Attorneys for Defendant/Counter-Claimant
SUTTON ENTERPRISES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARSON HILL GOLD MINING CORPORATION, A NEVADA CORPORATION,<br><br>  Plaintiff and Counter-Defendant,<br><br>v.<br><br>SUTTON ENTERPRISES, A CALIFORNIA GENERAL PARTNERSHIP,<br><br>  Defendant and Counterclaimant. | Case No.   1:06-CV-01193-AWI-SMS<br><br>**JOINT STATUS REPORT AND FURTHER STIPULATED REQUEST TO STAY DATES IN SCHEDULING ORDER ;**<br><br>**ORDER** |

PDF created with pdfFactory trial version www.pdffactory.com

1  WHEREAS, the present litigation between Plaintiff and Counter-Defendant CARSON HILL GOLD MINING CORPORATION ("CHGMC") and Defendant and Counterclaimant SUTTON ENTERPRISES ("Sutton") focuses on contractual allocations of responsibility for environmental conditions at the Carson Hill Mine ("Mine") near Angels Camp in Calaveras County, California; and

WHEREAS, on January 10, 2007, more than four months after the filing of this lawsuit, the Central Valley Regional Water Quality Control Board ("Water Board") issued a Cleanup and Abatement Order, No. R5-2007-0700 ("CAO"), to Carson Hill Rock Products, an entity of Sutton, and CHGMC, regarding water quality issues at the Mine; and

WHEREAS, pursuant to the CAO, CHGMC submitted a final Closure Plan for the Mine to the Water Board on February 15, 2008; and

WHEREAS, the final Closure Plan for the Mine proposed long-term measures at the Mine to address water quality concerns; and

WHEREAS, as of the date of this stipulation, the Water Board has not formally approved the Closure Plan nor has issued new waste discharge requirements ("WDRs") for the Mine, as anticipated under the CAO; and

WHEREAS, the specific requirements of the CAO and the Closure Plan were not contemplated by the parties at the time of the filing of the lawsuit, and the parties anticipate that the measures implemented under the CAO, the proposed Closure Plan and the anticipated WDRs for the following years may have an impact on the issues in this litigation; and

WHEREAS, the parties have been working together to resolve the issues raised in this litigation and to address the specific requirements of the CAO and the proposed Closure Plan; and

WHEREAS, the parties have exchanged two drafts of settlement papers that, if finalized and agreed upon, would resolve this litigation; and

WHEREAS, the parties believe they are close to reaching a final resolution, but due to the schedules of the parties and the pendency of the Water Board matters, need additional time to work out the final details of a resolution in this matter; and

1    WHEREAS, based on a stipulated request by the parties, the Court previously adopted the
following litigation schedule for the case:

| | |
|---|---|
| Last Day to Disclose Experts: | April 15, 2008 |
| Last Day to Serve Written Discovery Requests: | May 15, 2008 |
| Last Day to Disclose Rebuttal Experts: | May 15, 2008 |
| Last Day to Conduct Discovery: | June 16, 2008 |
| Last to File Non-Dispositive Motions: | June 16, 2008 |
| Last Day to File Dispositive Motions: | July 15, 2008 |
| Pre-Trial Conference: | August 29, 2008 |
| Trial: | September 30, 2008 |

WHEREAS, on April 3, 2008, this Court entered an order staying the deadlines in this case for 60 days to allow the parties time to continue their settlement negotiations; and

WHEREAS, the parties' settlement discussions are continuing, and each believes that a further stay of this litigation would conserve the resources of the parties and the Court, assist in focusing the issues before the Court, and allow time to possibly resolve the remaining issues in this litigation.

THEREFORE, for good cause shown, the parties hereby stipulate and respectfully request the Court issue an order as follows:

1. All current dates in the litigation schedule remain stayed.
2. Within 75 days of this order, the parties will report back to the Court on the status of settlement negotiations. At that time, unless for good cause shown, the parties will request, and the Court will set, a new scheduling order for the litigation.

//
//
//
//
//
//

PDF created with pdfFactory trial version www.pdffactory.com

| | | |
|---|---|---|
| Dated: May 29, 2008 | | ZANE O. GRESHAM<br>SHAYE DIVELEY<br>MORRISON & FOERSTER LLP |
| | By: | /s/ **Shaye Diveley**<br>Shaye Diveley |
| | | Attorneys for Plaintiff<br>CARSON HILL GOLD MINING CORPORATION |
| Dated: May 29, 2008 | | CHARLES W. REESE<br>WULFSBERG REESE COLVIG & FIRSTMAN PROFESSIONAL CORPORATION |
| | By: | /s/ **Charles W. Reese**<br>Charles W. Reese |
| | | Attorneys for Defendant<br>SUTTON ENTERPRISES |

PDF created with pdfFactory trial version www.pdffactory.com

1    IT IS SO ORDERED: all dates STAYED in this action and parties will file a Joint Status
2 Report with the court 75 days from service of this Order.

4 DATED:  May 31, 2008

                              /s/ Sandra M. Snyder
                              JUDGE SNYDER

PDF created with pdfFactory trial version www.pdffactory.com